**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
FU VAN KNITTING FACTORY, LTD.

                                    Plaintiff,      Case No. 08CV6260 (IAQ)

   -against-

SUTTON CREATIONS INC.,                            ECF CASE

                                                    **COMPLAINT**

                                  Defendant.
---------------------------------------------------------------------X

       Plaintiff, FU VAN KNITTING FACTORY, LTD., by and through its attorneys, Wong, Wong & Associates, PC, as and for its Complaint, alleges as follows:

1.      This is an action to compel Defendant to pay Plaintiff certain monies owed to Plaintiff under New York's contract law and the Uniform Commercial Code ("U.C.C.").

**JURISDICTION AND VENUE**

2.      This court has subject matter jurisdiction pursuant to U.S.C. § 1332(a), where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and it is between a foreign corporation and a corporation within the State of New York.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (c).

**PARTIES**

4.      At all times hereinafter mentioned, Plaintiff, FU VAN KNITTING FACTORY, LTD. ("Fu Van") is a foreign company that maintains a business address at

Estrada Marginal Da Areia Preta, 4 Andar B, Fok Tai, Macau. Fu Van is a knitting factory in the business of manufacturing and selling clothing.

5. At all times hereinafter mentioned, Defendant, SUTTON CREATIONS INC. ("Sutton") is a New York corporation that maintains a business address at 1407 Broadway, 30th Floor, New York, NY, 10018.

6. Upon information and belief, MESSRS. S.A.S. WORLDWIDE TRADING LTD., ("S.A.S.") is Sutton's agent in Hong Kong.

7. Upon information and belief, ISRAELI DISCOUNT BANK OF NEW YORK ("IDB") is a third party financial institution maintaining a business address at 511 Fifth Avenue, New York, NY, 10017, which has withheld certain monies owed to Plaintiff because of Defendant's actions.

## FACTS

8. Upon information and belief, Fu Van and Sutton have had a business relationship together since 2006.

9. Generally, Fu Van and Sutton's business together was conducted as follows: Sutton, the buyer, would issue a Purchase Order to Fu Van. This Purchase Order would set forth the type, quantity and price for the goods to be purchased.

10. Following the issuance of a Purchase Order by Sutton, Fu Van would only accept an order as finalized upon receipt of a Letter of Credit from Sutton and a third-party financial institution, with the Letter of Credit serving to signify that an order was genuine and confirmed.

11. In or about June of 2006, Fu Van received certain Purchase Orders from Sutton. These Purchase Orders specified clothing goods to be manufactured. In conjunction with these Purchase Orders, Sutton also issued to Fu Van a Letter of Credit from IDB - the third party financial institution that would provide payment upon the satisfaction of the terms of the Letter of Credit. (**See copy of Letters of Credit annexed hereto as Exhibits A).**

12. The total cost of the goods ordered from Fu Van by Sutton as memorialized in the Purchase Orders and Letters of Credit was One Hundred Forty-Three Thousand, One Hundred Fifty-Five Dollars and Eighty Cents ($143,155.80).

13. After Fu Van completed its production of the goods ordered by Sutton, Fu Van then notified S.A.S., Fu Van's agent in Hong Kong that the goods were completed and ready to be inspected within Fu Van's factory in Cambodia.

14. Thereafter, S.A.S. went to Fu Van's factory and inspected the goods that had been manufactured. After S.A.S. issued its approval, Fu Van released the goods for shipment to Sutton.

15. In or about July of 2006, Fu Van received a partial payment from Sutton for the goods ordered by Sutton in the amount of Twenty-Three Thousand Nine Hundred Sixty-One Dollars and Sixty Cents ($23,014.80). The remaining balance was never paid and remains outstanding.

16. In or about July 2006, Fu Van learned through IDB that Sutton was refusing to make full payment on the goods ordered, claiming late shipment and a discrepancy between invoices as the cause. Upon information and belief, Sutton's true reason for withholding full payment was based upon a prior transaction with Fu Van, totally unrelated to the order at issue.

17. As a result of Sutton's failure to make full payment for its order from Fu Van, Fu Van has been damaged in an amount to be proven at trial, but in no event less than One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20).

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (ACCOUNT STATED)

18. In or about June 2006, Plaintiff and Defendant entered into a written agreement **(See Letters of Credit annexed hereto as Exhibit A)** whereby Plaintiff would ship to Defendant a specified quantity of clothing goods and Defendant would make payment to IDB in the amount of One Hundred Forty-Three Thousand, One Hundred Fifty-Five Dollars and Eighty Cents ($143,155.80).

19. As per the terms of the agreement between the parties, Plaintiff and Defendant stood in a relationship of debtor to creditor, with Plaintiff acting as the creditor who would be owed money for goods shipped to Defendant, and Defendant acting as debtor, would owe money to a third party financial institution, as a result of goods shipped to Defendant by Plaintiff.

20. In or about June of 2006, Purchase Orders and a Letter of Credit were executed between the parties. These agreements specified the quantity and specifications of the clothing goods to be shipped by Plaintiff to Defendant and also that Defendant was to make payment to IDB in the amount of One Hundred Forty-Three Thousand, One Hundred Fifty-Five Dollars and Eighty Cents ($143,155.80).

21. Plaintiff examined its invoices and Purchase Orders prior to mailing and Defendant had a full opportunity to examine these documents sent by Plaintiff. Defendant made partial payment, thereafter certifying that the remaining balance was an accurate statement of the amount owed by Defendant to Plaintiff.

22. Plaintiff, through its invoice, clearly communicated to Defendant that an outstanding balance was owed for goods shipped by Plaintiff to Defendant.

23. At all times herein, Defendant made no attempt to dispute the correctness of Plaintiff's invoice.

24.     By failing to dispute the accuracy of Plaintiff's invoice in a reasonable time, Defendant expressed implied agreement as to the correctness of sums stated in those invoices sent by Plaintiff.

25.     As a result of the above, Plaintiff has been damaged, continues to incur damages, and demands judgment in an amount not currently known but estimated to be no less than One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20), plus compensatory and consequential damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
## (BREACH OF CONTRACT)

26.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "8" through "17" as if fully set forth herein.

27.     In or about June of 2006, the parties entered into an agreement wherein Plaintiff and Defendant contracted for the purchase and shipment of goods.

28.     Defendant has breached the contract by failing to make full payment to the third party financial institution as dictated by the terms of its contract with Plaintiff.

29.     Plaintiff, by making a full shipment of all goods ordered by Defendant, has fully performed all of its duties and obligations pursuant to its agreement with Defendant.

30. At all times herein, Defendant has not paid Plaintiff nor its assigned third party financial institution the sum of One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20).

31. As a result, Plaintiff has been damaged and demands judgment in an amount to be proven at trial, but in no event less than One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20), plus compensatory and consequential damages.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
### (FRAUD)

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "8" through "17" above as if set forth herein.

33. Defendant misrepresented to Plaintiff that Defendant would pay the third party financial institution assigned by Plaintiff the total amount owed for goods shipped under the contract between the parties.

34. Defendant intended to defraud Plaintiff by inducing it to ship goods to Defendant with no intention on the part of Defendant to make full payment for such goods.

35. Reasonably relying upon the material misrepresentations made by Defendant, Plaintiff shipped goods to Defendant, fully performing its obligations under the contractual agreement between the parties.

36. Defendant further defrauded Plaintiff by raising an objection related to a prior and unrelated order, and claiming that due to this objection, Defendant was unable to pay the Plaintiff for goods shipped under the contract entered into between the parties in or around June of 2006.

37. At all times herein, Defendant has not paid Plaintiff, or the third party financial institution assigned by Plaintiff, for goods shipped under the contract.

38. Defendant has thus intentionally defrauded Plaintiff.

39. As a result of Defendant's intentional fraudulent conduct, Plaintiff has been damaged and demands judgment in an amount to be proven at trial, but in no event less than One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20), plus compensatory, consequential, and punitive damages.

**WHEREFORE**, Plaintiff respectfully request a judgment from the Court for:

Monetary judgment against the Defendant for amounts to be determined at trial, but in no event less than One Hundred Nineteen Thousand, One-Hundred Ninety-Four Dollars and Twenty Cents ($119,194.20), plus compensatory, consequential, and punitive damages; costs and expenses, including reasonable attorney's fees; and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 9, 2008

             WONG, WONG & ASSOCIATES, PC

       By: /s/ Terence J. Ricaforte_____
          Terence J. Ricaforte (TR1718)
         *Attorneys for Plaintiff*
         150 Broadway, Suite 1588
         New York, NY 10038
         (212) 566-8080

# EXHIBIT A

29/12/2006  14:50   344865                FU VAN KNITTING                              PAGE 01

中國銀行 股份有限公司 澳門分行
**BANK OF CHINA LIMITED, MACAU BRANCH**
(INCORPORATED IN CHINA WITH LIMITED LIABILITY)
AVENIDA DOUTOR MÁRIO SOARES, BANK OF CHINA BUILDING
MACAU

CABLE: "CHUNGKUO"
TELEX: 88231 "BKCHI OM"
       88315 "BKCHI OM"
TEL  : 781828  FAX: 781833
SWIFT: BKCHMOMX

**Advice of Documentary Credit/Amendment**

| | |
|---|---|
| Advice No.  LA06001728 | Date  JUN 16, 2006 |
| Beneficiary<br>FABRICA DE MALHAS FU VAN LIMITADA<br>ESTRADA MARGINAL DA AREIA PRETA<br>4 ANDAR B, FOK TAI,<br>MACAU*** | Transmitted to Beneficiary Through<br><br>REF: |
| Issuing Bank<br>ISRAEL DISCOUNT BANK OF NEW YORK<br>NEW YORK, NEW YORK<br>U.S.A. | |
| L/C No.  L538702 | Issue Date  JUN 14, 2006 |
| Amount  USD143,155.80 | Expiry Date  AUG 25, 2006 |

Without any responsibility or engagement on our part, we have pleasure in forwarding you the following items:

- AUTHENTICATED CABLE ADVICE OF THE ABOVE CREDIT.

THIS ADVICE IS SUBJECT TO THE "UNIFORM CUSTOMS & PRACTICE FOR DOCUMENTARY CREDITS (1993 REVISION), ICC PUBLICATION NO. 500".

If you find any terms in this advice of letter of credit/amendment you are unable to comply with or any error in your name and/or address, it is suggested that you communicate direct with your buyers immediately with a view to arranging any desired amendment and thus avoid difficulties which would otherwise arise when documents are presented.

We shall be pleased to have the opportunity of negotiating your bills drawn under the above credit.

Yours faithfully
for BANK OF CHINA LIMITED, MACAU BRANCH

Please acknowledge receipt and accept by signing
and returning to us the attached copy of this letter.

Authorized Signature(s)
LAI WUN NAM

```
29/12/2006  14:50    344865                    FU VAN KNITTING                          PAGE  02

                          *   INCOMING SWIFT MESSAGE   *
DW87551{auth OK_key} B00510163APMA26, BKCHMOMX IDBYUS33 record

                                  Bank of China, Macau Branch
06JUN15  08:15:41                                            Logical Terminal S20J
User DSLCXT                                                              Func AOFM1

MT S700                    Issue of a Documentary Credit              Page 00001

Basic Header        F  01 BKCHMOMXAXXX 5862 690441
Application Header  O  700 1709 060614 IDBYUS33AXXX 0112 266890 060615 0814 N
                       *ISRAEL DISCOUNT BANK OF NEW YORK
                       *NEW YORK, NY
User Header            Service Code   103:
                       Bank Priority  113:           AUTHENTICATED CABLE
                       Msg User Ref.  108: 16001994  This Credit is advised through
                       Info. from CI  115:           BANK OF CHINA LIMITED MACAU BRANCH
Sequence of Total   *27  : 1/1                       Ref. No. 2A06001727
Form of Doc. Credit *40 A : IRREVOCABLE TRANSFERABLE
Doc. Credit Number  *20   : L536702
Date of Issue        31 C : 060614
Expiry              *31 D : Date 060825 Place COUNTRY OF BENEFICIARY
Applicant           *50   : SUTTON CREATIONS, INC.,
                            1407 BROADWAY, 30 TH FL.,
                            NEW YORK, N.Y. 10018
Beneficiary         *59   : FU VAN KNITTING FACTORY LTD.
                            ESTRADA MARGINAL DA AREIA PRETA
                            4 ANDAR B, FOK TAI, MACAU
Amount              *32 D :           Currency USD Amount 143,185.80
Max. Credit Amount   39 B : NOT EXCEEDING
Available with/by   *41 D : ANY BANK
                            BY NEGOTIATION
Drafts at ...        42 C : SIGHT
Drawee               42 D : OURSELVES FOR 100 PERCENT OF
                            INVOICE VALUE
Partial Shipments    43 P : ALLOWED
Transshipment        43 T : ALLOWED
Loading in Charge    44 A :
                      CAMBODIA
For Transport to ... 44 B :
                      LOS ANGELES/NEW YORK
Descript. of Goods   45 A :
          *LADIES' 100PCT SOFT ACRYLIC SWEATER       CAT. 638/639
          PO NO.        STYLE NO.         QNTY/DZ        USD/DZ
          1007227       B15624DL            225           49.20
          1007228       B15453DL            132           44.40
          1007229       B15764DL            130           39.60
          1007235       B14210DL            165           40.20
          1007242       B23764DLA           186           45.60
          1007243       B23764DLB            72           45.60
          1007244       B25454DL            237           54.00
          1007245       B21222DL            237           39.60
          LATEST SHIP DATE: JUNE 10, 2006 TO LOS ANGELES
          1007239       B11222DL            180           36.00
          1007240       P11222DLA           165           36.00
          1007241       P11222DLB            72           36.00
          LATEST SHIP DATE: JUNE 15, 2006 TO NEW YORK
          1007231       B15652DLA           300           38.40
          1007232       B15652DLB           300           38.40
          1007233       P15652DLA           184           38.40
          1007234       P15652DLB            72           38.40
          LATEST SHIP DATE: JUNE 20, 2006 TO NEW YORK
          1007230       B15653DL            300           38.40
          LATEST SHIP DATE: JULY 30, 2006 TO NEW YORK
```

2

```
29/12/2006  14:50    344865                FU VAN KNITTING                     PAGE  03
                           *   INCOMING SWIFT MESSAGE    *
DWSZ651 Auth OK, key B005101639AF1A26, BKCHMOMX IRBYUS33 record

06JUN15  08:15:41                                              Logical Terminal 5203
User DSLCXT                                                                Func AOPR1

MT S700            Issue of a Documentary Credit                       Page 00002
         1007236          R15454DL          180          50.40
         1007237          P15454DLA         165          50.40
         1007238          P15454DLB          72          50.40
         LATEST SHIP DATE: AUGUST 10, 2006 TO NEW YORK
        +SHIPPING TERMS: FOB CAMBODIA
Documents required   46 A :
        +SIGNED COMMERCIAL INVOICE IN ORIGINAL AND FOUR COPIES SHOWING
         CLEARLY THE FOLLOWING:
         A. FULL DESCRIPTION FOR EACH ITEM, KIND OF FIBER, KIND OF YARN,
            FOR KNIT GARMENT ONLY, THE STITCH COUNT PER ONE CENTIMETER
            IN BOTH HORIZONTAL AND VERTICAL DIRECTIONS
         B. THE NET NET WEIGHT(GARMENT ONLY)PER DOZEN IN ASSORTED SIZES
            GRAND TOTAL NET NET WEIGHT OF SHIPMENT FOR EACH STYLE
         C. THE NET WEIGHT PER DOZEN AND PER CARTON AND TOTAL NET
            WEIGHT OF SHIPMENT FOR EACH STYLE
         D. THE GROSS WEIGHT OF EACH CARTON, GRAND TOTAL GROSS WEIGHT
            OF SHIPMENT FOR EACH STYLE
         E. THE NAME AND ADDRESS OF THE MANUFACTURER
        +PACKING LIST IN ORIGINAL AND THREE COPIES SHOWING CLEARLY:
         A. THE SIZE AND COLOR ASSORTMENT TO A POLYBAG ALSO TO EACH
            SHIPPING CARTON
         B. EXACT CARTON DIMENSIONS FOR EACH STYLE
         C. THE COMMERCIAL INVOICE NO. AND THE LETTER OF CREDIT NO.
         D. STATEMENT INDICATING THIS SHIPMENT CONTAINS NO SOLID WOOD
            PACKING MATERIAL
        +BENEFICIARY'S STATEMENT CERTIFYING THAT ALL CARTONS ARE UNIFORM
         IN CONTENTS AND MATCH THE PACKING REQUIREMENTS INDICATED ON
         THE PURCHASE ORDER, AND THAT THERE ARE NO BROKEN SIZES OR COLORS.
        +BENEFICIARY'S SIGNED STATEMENT CERTIFYING THAT ONE COMPLETE SET
         OF ALL ORIGINAL DOCUMENTS INCLUDING THE CERTIFICATE OF ORIGIN,
         SINGLE OR MULTIPLE COUNTRY DECLARATION, COMMERCIAL INVOICE,
         PACKING LIST, 1/3 ORIGINAL BILL OF LADING AND BENEFICIARY'S
         STATEMENT ON COMPANYS LETTERHEAD HAVE BEEN SENT TO APPLICANT BY
         COURIER SERVICE, COPY OF COURIER SERVICE RECEIPT REQUIRED.
        +PHOTOCOPY OF CERTIFICATE OF ORIGIN.
        +PHOTOCOPY OF SINGLE OR MULTIPLE COUNTRY DECLARATION FROM
         BENEFICIARY SHOWING COUNTRY OF ORIGIN OF MERCHANDISE,
         INDICATING MERCHANDISE IS IN ACCORDANCE WITH U.S. CUSTOMS
         REGULATIONS AND DATE OF EXPORTATION.
        +PHOTOCOPY OF BENEFICIARY'S STATEMENT ON COMPANY LETTERHEAD
         STATING THAT MERCHANDISE WAS NOT PRODUCED BY CHILD LABOR, FORCED
         LABOR, INDENTURED LABOR UNDER PENAL SANCTIONS, IN WHOLE OR IN
         PART, IN ANY STAGE OF THE PRODUCTION OR MANUFACTURE OF THE
         MERCHANDISE OR ANY MATERIAL OR COMPONENT THEREOF AND THAT
         SHIPMENT CONFORMS WITH ALL U.S. CUSTOMS SERVICE LAWS REGARDING
         COUNTRY OF ORIGIN.
        +INSPECTION CERTIFICATE PURPORTEDLY SIGNED BY ABRAHAM SUTTON OF
         SUTTON CREATIONS INC.
        +BALANCE 2/3 ORIGINAL CLEAN ON BOARD MARINE BILLS OF LADING
         TO ORDER OF SUTTON CREATIONS INC., MARKED NOTIFY SAME, SHOWING
         L/C NUMBER L538702 AND INDICATING FREIGHT COLLECT.
Additional Cond.   47 A :
        +SHIPMENTS EFFECTED PRIOR TO THE ISSUANCE OF THIS LETTER OF
         CREDIT ARE NOT ACCEPTABLE.
        +VARIOUS STYLES SHIPPED ON SAME VESSEL MUST BE COVERED BY ONE
```

7

```
29/12/2006  14:50    344865                    FU VAN KNITTING                      PAGE  04
                              *   INCOMING SWIFT MESSAGE   *
DW5765I Auth OK, key B0091012529A-1A26, BKCHMOMX IDBYUS33 Record
05JUN15  08:15:42                                                      Logical Terminal 9203
User DSLCXT                                                                      Func AOFR1

MT S700                        Issue of a Documentary Credit                      Page 00003
```

              MORE THAN ONE INVOICE IS PRESENTED ON EACH SHIPMENT ONE OF THE
              RELATIVE INVOICES MUST SHOW A DEDUCTION OF USD50.00 FOR EACH
              ADDITIONAL INVOICE.
              +ALL INVOICES MUST BE IN NAME OF THE APPLICANT.
              +THIRD PARTY SHIPPER AND DOCUMENTS ARE ACCEPTABLE.
              +ALL BANKING CHARGES INSIDE AND OUTSIDE USA ARE FOR THE ACCOUNT
              OF THE BENEFICIARY. IN THIS CONNECTION THE FIRST INVOICE
              PRESENTED UNDER THIS CREDIT MUST SHOW A DEDUCTION OF USD178.94
              BEING OUR ISSUANCE FEE AND USD120.00 BEING OUR CABLE FEE. THERE
              WILL ALSO BE A DEDUCTION FROM THE PROCEEDS OF THE FIRST AND ANY
              SUBSEQUENT DRAFTS PRESENTED REPRESENTING OUR PAYMENT COMMISSION.
              +INSURANCE TO BE EFFECTED BY BUYER.
              +THIS CREDIT IS TRANSFERABLE EXCEPT TO ANY SPECIALLY DESIGNATED
              NATIONALS AS DEFINED IN SECTION 500.306 OF U.S. FOREIGN
              ASSETS CONTROL REGULATIONS. TRANSFERRING BANK MUST NOTIFY US
              OF ANY TRANSFERS MADE AT THE TIME OF THE TRANSFER, AND CONFIRM
              THAT THE TRANSFER HAS BEEN ENDORSED ON THE LETTER OF CREDIT.
              +ALL DRAFTS MUST BE MARKED DRAWN UNDER ISRAEL DISCOUNT BANK OF
              NEW YORK STATING THE DOCUMENTARY CREDIT NUMBER AND THE DATE OF
              THIS CREDIT.
              +EACH SET OF DISCREPANT DOCUMENTS WILL BE ASSESSED USD90.00
              REPRESENTING OUR FEES FOR HANDLING DISCREPANCIES. THESE FEES
              ARE FOR THE BENEFICIARYS ACCOUNT AND WILL BE AUTOMATICALLY
              DEDUCTED FROM THE PROCEEDS OF THE PAYMENT WHEN EFFECTED.
              +THIS DOCUMENTARY CREDIT IS SUBJECT TO THE CURRENT UCP ICC
              PUBLICATION NO. 500.
Presentation Period  48   : DOCUMENTS MUST BE PRESENTED
                            WITHIN 15 DAYS AFTER ISSUANCE
                            OF THE TRANSPORT DOCUMENT BUT
                            WITHIN THE VALIDITY OF THIS CREDIT
Confirmation         *49   : WITHOUT
Instructions         78    :
              ALL DOCUMENTS ARE TO BE DESPATCHED TO US AT ISRAEL DISCOUNT BANK
              OF NEW YORK, NY, 511 FIFTH AVE., NEW YORK, NY 10017 IN ONE LOT
Trailer                    Order is <MAC:> <PAC:> <ENC:> <CHK:> <TNG:> <PDE:>
                           > MAC:E5021BEB
                           > CHK:91628B7D5DFD                  For Bank of China Limited Macau Branch
                           > DLM:
                                                               ..............*signature*..............
                                                                      Authorized Signature

                                                                     張煥南 (505)
                                                                     LAI WUN NAM

                                                                                                    4

25/12/2006  14:56   344865                    FU VAN KNITTING                        PAGE  05

大豐銀行
BANCO TAI FUNG

TAI FUNG BANK LIMITED
418 Alameda Dr. Carlos d' Assumpção, Macau
TEL: (853) 7970603      FAX: (853) 7970658
SWIFT: "TFBLMOMX"
TELEX: 88212 TFUNG OM
http://www.taifungbank.com

12 JUL 2006

FAB. DE MALHAS FU VAN LDA.

YOUR REF. HF-1019-21/06(CH
LC NO. L538702
ISSUED BY : ISRAEL DISCOUNT BANK OF NEW YORK
OUR REF. OB06016667LO  FOR USD88,443.20

TENOR       : SIGHT

WE ENCLOSE A PHOTOSTATIC COPY OF THE MAIL/TELEX/SWIFT MESSAGE
RECEIVED FROM THE CORRESPONDENT BANK WHICH IS SELF-EXPLANATORY.
KINDLY LET US HAVE YOUR WRITTEN INSTRUCTIONS, IF ANY, UPON YOUR
DISAGREEMENT TO THE INDICATION IN THE ENCLOSURE. OTHERWISE, PLEASE
CONFIRM BY SIGNING AND RETURNING THE ATTACHED CABLE ADVICE TO US.

REASONS :
AS PER ATTACHMENT.

SUBJECT TO UNIFORM CUSTOMS & PRACTICE FOR DOCUMENTARY CREDITS (1993
REVISION) ICC PUBLICATION 500.

COMPUTER GENERATED ADVICE NO SIGNATURE REQUIRED

/NGUM01

```
29/12/2006  14:50    344565                 FU VAN KNITTING                    PAGE  08


12/07/06-08:40:20                    Printer2-5121-000007                              9
_____
                    ---------------- Instance Type and Transmission --------------
                    Original received from SWIFT
                    Priority            : Normal
                    Message Output Reference  : 0840 060712TFBLMOMXAXXX8903632243
                    Correspondent Input Reference   : 1418 060711IDBYUS33AXXX0155273148
                    ---------------------- Message Header -----------------------
                    Swift OUTPUT    : FIN 734 Advice of Refusal
                    Sender          : IDBYUS33XXX
                            ISRAEL DISCOUNT BANK OF NEW YORK
                            NEW YORK,NY US
                    Receiver        : TFBLMOMXXXX
                            TAI FUNG BANK LIMITED
                            MACAU MO
                    MUR : 192001598
                    ---------------------- Message Text -------------------------
                     20: Sender's TRN
                         LS38702001
                     21: Presenting Bank's Reference
                         OB06016667LO
                     32A: Date and Amount of Utilisation
                         Date            : 11 July 2006
                         Currency        : USD (US DOLLAR)
                         Amount          :            #68.443,20#
                     77J: Discrepancies
                         1.LATE SHIPMENT
                     77B: Disposal of Documents
                         /HOLD/DOCUMENTS AT YR DISPOSAL
                    ---------------------- Message Trailer ----------------------
                    {MAC:59724D1F}
                    {CHK:FE1ECFA3DDC9}
                    {DLM:}
```

8

29/12/2006  14:50   344855                      FU VAN KNITTING                              PAGE  07


大豐銀行
BANCO TAI FUNG

TAI FUNG BANK LIMITED
418 Alameda Dr. Carlos d'Assumpção, Macau
TEL: (853) 7970503    FAX: (853) 7970536
SWIFT: "TFBLMOMX"
TELEX: 88212 TFUNG OM
http://www.taifungbank.com

26 JUL 2006

FAB. DE MALHAS FU VAN LDA.

YOUR REF. HF-1024/06 (CHF-
LC NO. L538702
ISSUED BY : ISRAEL DISCOUNT BANK OF NEW YORK
OUR REF. OB06017764LO  FOR USD23,014.80

TENOR         : SIGHT

WE ENCLOSE A PHOTOSTATIC COPY OF THE MAIL/TELEX/SWIFT MESSAGE
RECEIVED FROM THE CORRESPONDENT BANK WHICH IS SELF-EXPLANATORY.
KDLY LET US HAVE YOUR WRITTEN INSTRUCTIONS, IF ANY, UPON YOUR
DISAGREEMENT TO THE INDICATION IN THE ENCLOSURE. OTHERWISE, PLEASE
CONFIRM BY SIGNING AND RETURNING THE ATTACHED CABLE ADVICE TO US.

REASONS :
AS PER ATTACHMENT.

SUBJECT TO UNIFORM CUSTOMS & PRACTICE FOR DOCUMENTARY CREDITS (1993
REVISION) ICC PUBLICATION 500.

COMPUTER GENERATED ADVICE NO SIGNATURE REQUIRED

/NGUM01

29/12/2006  14:50   344865                    FU VAN KNITTING                      PAGE  06

26/07/06-08:48:30                  Printer2-5776-000012                            14

```
------------------- Instance Type and Transmission ---------------
Original received from SWIFT
Priority               : Normal
Message Output Reference  : 0848 060726TFBLMOMXAXXX9009634735
Correspondent Input Reference : 1657 060725IDBYUS33AXXX0182277342
----------------------- Message Header --------------------------
Swift OUTPUT  : FIN 734 Advice of Refusal
Sender        : IDBYUS33XXX
                ISRAEL DISCOUNT BANK OF NEW YORK
                NEW YORK,NY US
Receiver      : TFBLMOMXXXX
                TAI FUNG BANK LIMITED
                MACAU MO
MUR : 206002073
----------------------- Message Text ----------------------------
 20: Sender's TRN
     L538702002
 21: Presenting Bank's Reference
     OB06017764LO
 32A: Date and Amount of Utilisation
      Date      : 25 July 2006
      Currency  : USD (US DOLLAR)
      Amount    :           #23.014,80#
 77J: Discrepancies
      1-LATE SHIPMENT
      2-INVOICE NOT DETAILED
      CREDIT
      3-COPY COURIER RECEIPT
      NOT PRESENTED
 77B: Disposal of Documents
      /HOLD/AT YOUR DISPOSAL
----------------------- Message Trailer -------------------------
{MAC:66137C63}
{CHK:8FBEEF56302F}
{DLM:}
```